IN RICHMOND SUPERIOR COURT, JULY, 1832.

GEORGE RIVES *vs.* OLIVER BOULWARE, Defendant, and the President, Directors, & Co. of the Mechanic's Bank, Garnishee.

### *Assumpsit and Summary Garnishment.*

IN this case, a summons of garnishment under the act of 1822, entitled "an act to authorize parties plaintiff to issue summons of garnishment in certain cases, as in cases of attachment," was directed to the President, Directors & Co. of the Mechanics' Bank, who move to have the writ or summons dismissed as to them, upon the ground that a corporation is not by law subject to this process; and the question is submitted without argument.

*A corporation cannot be garnished under the statute of 1822, authorizing garnishments in certain cases, therein mentioned.*

Corporations are liable to suit, and may be compelled, in the ordinary course of judicial proceedings, as individuals may, to perform every contract or duty legally entered into by, or devolving upon them. In ordinary suits there must be some privity between the parties; that is, there must be in one a legal right to demand, and in the other a legal obligation to respond.

Such right and such obligation in this case exist only between the defendant and the garnishees, and not between them and the plaintiff. But this is an extraordinary remedy which allows a creditor to proceed directly against his debtor's debtor; and whether it extends to corporations, must depend upon the construction to be given to the act creating it.

The words of the act in the first section are, "It shall and may be lawful for the plaintiff or his attorney to issue a summons of garnishment to be directed to any *person* or *persons* who may be indebted to the defendant, or who may have any

20

RICHMOND,
July, 1832.

RIVES
v.
BOULWARE and
Others.

money, effects, property either real or personal, or any bonds, notes, or other evidences of debt whatsoever in *his, her*, or *their hands*, belonging to the said defendant, &c." The act is remedial, and should receive such construction as to make the remedy as complete as possible, and to embrace artificial as well as natural persons, if there were no words in the act to restrain this liberal rule of construction. There is also a rule in construing statutes that " words and phrases, the meaning of which in a statute has been ascertained, are, when used in a subsequent statute, to be understood in the same sense." 4th Bacon's Abr. 644. *A fortiori* they must be understood in the same sense when used in the same statute. And the second rule laid down by Bacon for construing statutes, is, " That in the construction of one part of a statute every other part ought to be taken into consideration." And if any part of a statute be obscure, it is proper to consider the other parts ; for if the words and meaning of one part of a statute do frequently lead to the sense of another.—*Ib.* 646 ; citing Plow. 365 ; 11 Mod. 161. The application of these rules, (which are but the dictates of reason and sound sense) to the act under which this proceeding takes place, will render its construction easy.

In the 1st section, already quoted, the terms seem to refer rather to natural than artificial persons. In the 3d and 6th sections, the summons is required to be served on the garnishee " personally." The means of enforcing obedience to the writ are provided in the 4th section in these words : " When any *person* shall fail to appear and depose, on being summoned as a garnishee, the court on application shall proceed against *him* by attachment for contempt, &c."

Here the *person* is again mentioned, and in a subsequent part of the sentence is clearly referred to as a natural person, by the use of the pronoun *him*. But the means of enforcing obedience to the writ, namely, attachment for contempt, leaves no doubt but that natural persons were meant. To have authorized this process would, of itself, have given the Courts power to enforce it : but the legislature seem to have intended that nothing should be left to implication, and have therefore specially prescribed the means of compelling obedience. As corporations cannot be attached, being mere legal entities incapable of imprisonment, this section illustrates the intention of the legislature as clearly as if they had used the words *natural persons*. The motion is allowed.*

A. B. LONGSTREET, for Plaintiff.

SOHLEY and GLASCOCK, for BOULWARE.

---

* Since this opinion was pronounced, the legislature of this State passed a law subjecting banks and other corporations to the process of garnishment in like manner with individuals. See Acts 1832, Pamph. 113.